■ In the Matter of MICHAEL PACCIONE, Respondent, v IRWIN FRUCHTMAN, as Commissioner of the Department of Buildings of the City of New York, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Buildings of the City of New York, dated January 6, 1981, which revoked petitioner's master plumber's license effective January 16, 1981 the commissioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Sacks, J.), dated November 23, 1981, as upon reargument, adhered to its prior determination dated July 20, 1981, directing the commissioner to "forthwith reinstate" petitioner's license. Judgment reversed insofar as appealed from, on the law, the order dated July 20, 1981 is vacated and the penalty imposed is to be a suspension of the petitioner's license for a period of seven and one-half months, less the four-day period of revocation prior to the stay thereof, the suspension to take effect 30 days after service upon the petitioner of a copy of the order to be made hereon, with notice of entry. The proceeding is otherwise dismissed on the merits, without costs or disbursements. The sole issue for consideration on this appeal is whether Special Term, upon reargument, abused its discretion as a matter of law in directing the immediate reinstatement of petitioner's master plumber's license, after it had previously determined that a seven and one-half month suspension of his license was a proper sanction in place of a revocation of his license by the Commissioner of the Department of Buildings, a penalty which Special Term found to be "shockingly disproportionate to the offense [committed]" (*Matter of*

*Pell v Board of Educ.*, 34 NY2d 222, 233). The commissioner's additional contention that Special Term exceeded its authority when it originally substituted a suspension for his revocation order is not an issue on this appeal. Upon reargument, Special Term noted in its decision that the stays included in prior court orders permitted the petitioner to enjoy the benefit of his license during the pendency of proceedings. However, Special Term also found that the petitioner had suffered the consequences of a revocation of his license without incurring its legal effect, based upon the attendant newspaper publicity of the revocation. The court concluded, therefore, that the legal suspension of the license for a period of seven and one-half months previously imposed by it would be disproportionate to the offense committed. There is no authority to support the substitution of a penalty of suspension for a penalty of revocation and then in effect, to consider such suspension period completed, notwithstanding there being stays in effect. We find, therefore, it was an abuse of discretion as a matter of law for Special Term to have directed an immediate reinstatement of petitioner's license. The period of suspension must be completed before petitioner's license can be reinstated. Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.